IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GERARDO HERNANDEZ,

     Plaintiff,

  v.

SABERI OIL, INC., dba JEFFERSON GAS & SHOP, and THOMAS I. SABERI aka THOMAS ISSA SABERI,

     Defendants.

No. C 18-07505 WHA

**ORDER RE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND VACATING HEARING**

In this ADA action, plaintiff seeks leave to file a first amended complaint. Defendants oppose. For the foregoing reasons, plaintiff's motion is **GRANTED**.

Plaintiff Gerardo Hernandez initiated this action in December 2018 against defendants Saberi Oil and Thomas Saberi. Plaintiff has alleged among other claims violations of Title III of the ADA by Jefferson Gas & Shop in Redwood City which is owned, operated, and/or leased by defendants. In March 2019, the parties conducted a joint site inspection of the gas station pursuant to General Order 56. Plaintiff filed the instant motion on July 19. This order follows full briefing. Pursuant to our local civil rule 7-1(b), this order finds plaintiff's motion suitable for submission without oral argument and hereby **VACATES** the September 12 hearing.

Plaintiff seeks leave to file a first amended complaint adding allegations regarding access barriers identified at the joint site inspection. FRCP 15(a)(2) permits a party to amend its pleading with the court's leave, stating that "[t]he court should freely give leave when justice so requires." In the FRCP 15 context, our court of appeals has instructed that "[f]ive factors are

1  frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue

2  delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff

3  has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th

4  Cir. 1990). These factors weigh in favor of granting leave.

5      *First,* defendants argue granting leave would be futile because plaintiff does not have

6  standing to add the new barriers alleged in his proposed first amended complaint.  This motion

7  seeks only to add barriers at the same gas station already the subject of the lawsuit.  It does not

8  seek to add additional parking lots or businesses.  These additional barriers came to light during

9  the site inspection under General Order 56.  Contrary to defendants' arguments, plaintiff does

10  have standing to add these barriers at the gas station because plaintiff testified he had visited the

11  same gas station many times.  He was also able to see the doorway to the restroom and that it

12  was inaccessible.  But even if plaintiff had not seen the doorway to the restroom, he would have

13  standing because of the frequency in which he had visited the gas station, and in due course can

14  be expected to need to use the restroom.  This is not a case, at least according to plaintiff's

15  deposition testimony, where the ADA plaintiff merely drives by a previously unknown store and

16  adds it to the list of ADA target defendants.

17      *Second,* defendants argue that they will be prejudiced if leave to amend is granted by

18  merely contending further discovery would be required and plaintiff's deposition has already

19  been taken.  Accordingly, plaintiff may be deposed for three more hours.  For the reasons stated

20  above, plaintiff's motion for leave to amend the complaint is **GRANTED.**  The hearing scheduled

21  for September 12 is **VACATED**.  Plaintiff shall file the first amended complaint attached to her

22  motion as a separate docket entry by **AUGUST 23  AT NOON.**

23

24      **IT IS SO ORDERED.**

25

26  Dated: August 16, 2019.

27                             WILLIAM ALSUP

28                             UNITED STATES DISTRICT JUDGE